JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLARENCE BUTLER, <br><br>　　　　　Plaintiff, <br>　　v. <br>THE BARONA BAND OF MISSION INDIANS OF CALIFORNIA; BARONA TRIBAL GAMING AGENCY; BARONA RESORT AND CASINO; AND DOES 1 through 50, inclusive, <br><br>　　　　　Defendants. | CV 16-00268 RSWL (KKx) <br><br>**ORDER Re: DEFENDANTS' MOTION TO DISMISS** [7] |

　　　Now before the Court is Defendants Barona Band of Mission Indians of California, Barona Tribal Gaming Agency, and Barona Resort & Casino's (collectively "Defendants") Motion to Dismiss ("Motion") [7]. The action arises out of Plaintiff Clarence Butler's ("Plaintiff") alleged injury that occurred in the Barona Resort and Casino.

## I. BACKGROUND

**A.  Factual Background**

Defendant Barona Band of Mission Indians of California ("the Tribe") is a federally recognized Indian tribe with jurisdiction over the Barona Indian Reservation.  Compl. ¶ 2, ECF No. 1.  Defendant Barona Tribal Gaming Agency, a.k.a. the Baron Tribal Gaming Commission ("the Gaming Agency") and the Barona Resort and Casino ("the Casino") are business entities.  Id. at ¶ 3.  At all relevant times, the Gaming Agency was the Tribe's duly authorized agent and employee that operated and was responsible for the Tribe's gaming, gambling, resort, and hotel operations.  Id.  The Casino is the Tribe and the Gaming Agency's employee in operating and maintaining the resort and Casino located on the Barona Indian Reservation.  Id.

Pursuant to the Indian Gaming Regulatory Act of 1988, codified in 18 U.S.C. § 1166 et seq.; 25 U.S.C. § 2701 et seq. ("the Act"), the Tribe entered into a compact with the State of California ("the Compact") in October 1999 to allow it to operate gambling facilities within the State.  Id. at ¶ 5; see Opp'n Ex. 2, ECF No. 10.  In the Compact, the Tribe agreed to comply with certain standards relating to public health and safety at its facilities, to maintain certain public insurance for personal injury claims by patrons injured at the facilities, to adopt a tort liability ordinance setting forth the terms and conditions under which it would

waive its sovereign immunity relating to such claims, and the procedures for processing those claims. Id. Accordingly, on December 22, 2009, the Tribe adopted a tort claims ordinance ("Barona Tort Claims Ordinance"). See Declaration of Kathryn Clenney ("Clenney Declaration") Ex. B, ECF No. 7-4; see also Opp'n Ex. 1, ECF No. 10. The Barona Tort Claims Ordinance clearly states that it waives immunity from suit only in Tribal Court. See Clenney Decl. Ex. B. § IV.

On February 16, 2016, Plaintiff was standing in line at the Barona Casino to cash his gambling chips. Compl. ¶ 8. Plaintiff was standing with his back towards the crowd, second in line before the cashier, when the stanchion holding the rope collapsed against Plaintiff's right knee, injuring him. Id. "Plaintiff suffered short term, long term and permanent physical injuries, pain, suffering, stress, anxiety, insomnia, as well as loss of income." Id.

On February 26, 2014, Plaintiff filed his claim, notifying the Casino that he had suffered an injury. Id. at ¶¶ 10-11. The Casino mailed Plaintiff, by Certified Receipt, and Plaintiff received through his counsel, a claim form and a copy of the 1999 Tort Claims Ordinance. Id. at ¶ 11. On May 4, 2015, the Tribe mailed a Notice of Rejection of Tort Claim with the forms for appeal. Id. at ¶ 13. On May 26, 2015, Plaintiff appealed the Tribe's rejection of his claim. Id. at ¶ 14. Plaintiff alleges it has heard no response

on its appeal.  Id. at ¶ 15.

**B.   Procedural Background**

Plaintiff filed its Complaint [1] on February 11, 2016.  On March 19, 2016, Defendants filed their Motion to Dismiss [7].  On April 18, 2016, Plaintiff filed an untimely Opposition [10] to Defendants' Motions to Dismiss.  On April 19, 2016, Defendants filed their Reply [11].  The Motion was set for hearing on May 3, 2016, and was taken under submission on April 28, 2016.

## II.   DISCUSSION

**A.   Legal Standard**

1. **Motion to Dismiss Pursuant to FRCP 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks proper subject matter jurisdiction.  A court is free to determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) "unless the jurisdictional issue is inextricable from the merits of a case."  Kingman Reef Atoll Invs., L.L.C. v. United States, 541 F.3d 1189, 1195 (9th Cir. 2008) (citing Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987)).

**B.   Analysis**

1. **The Parties' Failure to Comply with Local Rule 7-3**

Local Rule 7-3 requires that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the

substance of the contemplated motion and any potential resolution." L.R. 7-3. The Local Rule further requires that this conference shall take place at least seven (7) days prior to the filing of the motion. Id. Here, Defendants' Motion [7] appears to have been filed without the parties engaging in a "meet and confer" as required by Local Rule 7-3.

This Court may, in its discretion, refuse to consider Defendants' Motion for failure to comply with Local Rule 7-3. See, e.g., Reed v. Sandstone Properties, L.P., No. CV 12-05021 MMM (VBKx), 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013). However, as neither party addresses the issue, and there otherwise appears to be no prejudice to Plaintiff in considering Defendants' Motion on the merits, the Court hereby exercises its discretion to do so. Reed, at *6; See Thomas v. U.S. Foods, Inc., No. 8:12-cv-1221-JST (JEMx), 2012 WL 5634847, at *1 n. 1 (C.D. Cal. Nov. 14, 2012) (considering the plaintiff's motion despite failure to comply with Local Rule 7-3). However, the Court admonishes the parties of the seriousness of its failure to follow the Local Rules, and cautions the parties to fully comply with all Local Rules in the filing of any future motions.

   2.  Plaintiff's Opposition Was Untimely

Local Rule 7-9 provides, in pertinent part: "Each opposing party shall, not later than ten (10) days after service of the motion in the instance of a new trial

motion and not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances, serve upon all other parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum which shall contain a statement of all the reasons in opposition thereto and the points and authorities upon which the opposing party will rely, or (b) a written statement that that party will not oppose the motion." L.R. 7-9.

Local Rule 7-12 provides that: "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."  L.R. 7-12.

Plaintiff's Opposition to Defendants' Motion to Dismiss was filed on April 18, 2016, only fifteen days prior to the scheduled hearing, and six days after the deadline proscribed in the Local Rules.  Accordingly, this Court could grant Defendants' Motion to Dismiss, pursuant to Local Rule 7-12, on the basis of Plaintiff's late opposition alone.  Nonetheless, the Court exercises its discretion to consider the parties' arguments on their merits.

1    *3.   This Court Lacks Subject Matter Jurisdiction
2          over Plaintiff's Claim*
3          *a.   Defendants are protected by sovereign*
4                *immunity.*
5    Generally, it is well-established that Indian tribes possess sovereign immunity from unconsented suit.  "Suits against Indian tribes are [] barred by sovereign immunity absent a clear waiver by the tribe or congressional abrogation."  Oklahoma Tax Commission v. Citizen Band of Potawatami Indian Tribe, 498 U.S. 505, 509 (1991); see also In re Greene, 980 F.2d 590, 592 (9th Cir. 1992); Burlington Northern Railroad Co. v. Blackfeet Tribe, 924 F.2d 899, 901 (9th Cir. 1991); Pan American Co. v. Sycuan Band of Missian Indians, 894 F.2d 416, 418 (1989); Kiowa Tribe v. Manufacturing Technologies, 523 U.S. 751, 754 (1998).  The Tribe in the present matter is a federally-recognized Indian tribe, and as such, is generally immune from unconsented suit.

Further, both the Casino and the Gaming Agency share the same legal status as the Tribe itself, including its sovereign immunity.  The Ninth Circuit so held in Allen v. Gold Country Casino, 464 F.3d 1044 (9th Cir. 2006); see also American Vantage Cos. v. Table Mountain Rancheria, 292 F.3d 1091, 1100 (9th Cir. 2002).  Barona's Tort Claims Ordinance specifically reads: "the agencies, enterprises and officers of the Barona Band of

Mission Indians share the sovereign immunity of the tribe." See Clenney Decl. Ex. B, ECF No. 7-4.  Thus, all named Defendants in the present matter share the sovereign immunity of the Tribe, subject to express waiver.

In fact, Plaintiff concedes that Defendants are protected from unconsented suit by sovereign immunity, stating "[t]he plain reading of this ordinance clearly shows Barona['s] waiver of sovereign immunity does not exist outside the [Tribe's] tribunals as it retains the 'unfettered discretion' to determine whether Plaintiff has complied with the procedural requirement[s]" of the Tribe's dispute resolution process.  Opp'n 5:16-20.

       *b.  Defendants did not waive their sovereign immunity.*

In his Complaint, Plaintiff requests that this Court order the parties to arbitrate their dispute.  See generally Compl., ECF No. 1.  Upon review of Plaintiff's Complaint and Opposition, this Court finds Plaintiff has proffered no evidence whatsoever that Defendants waived sovereign immunity so as to warrant Plaintiff bringing suit in this Court.  Rather, Plaintiff admits that Barona's Tort Claims Ordinance waives sovereign immunity only in its own forum, namely, in Barona Tribal Court. See Opp'n 5:16-20.  Furthermore, Plaintiff does not allege or proffer specific facts establishing diversity jurisdiction or federal question jurisdiction over the

matter.

Plaintiff loosely argues that the present case is analogous to <u>Compo Band of Missions Indians v. Superior Court</u>, 137 Cal. App. 4th 175 (2006), and that "[i]n our case as in <u>Campo</u> the Court has a limited jurisdiction to order arbitration." Opp'n, 5:15-6:14. Plaintiff misstates the holding of <u>Campo</u>. In <u>Campo</u>, the Court found that although the Tribe waived its tribal sovereign immunity relating to a patron's negligent personal injury claim in tribal court, the waiver did not include a right to be sued in state court. 137 Cal. App. 4th at 185. Rather, the waiver was limited to bringing suit in tribal court. <u>Id.</u> As such, the California Court of Appeal held that the trial court lacked subject matter jurisdiction to compel arbitration on the merits of Plaintiff's claim. <u>Id.</u>

Further, in <u>Lawrence v. Barona Valley Ranch Resort & Casino</u>, the court reviewed the same Tort Claims Ordinance that is before this Court and held that the ordinance does not waive sovereign immunity in state court. 153 Cal. App. 4th 1364 (2007). In so holding, the Court noted "wile Barona agreed to waive its tribal sovereign immunity to certain claims against it, it was permitted to choose the forum for resolution of those claims and the terms governing the process for such resolution." <u>Id.</u> at 1372. The court's analysis in <u>Lawrence</u> is applicable here. Plaintiff had the

9

opportunity to proceed in Barona's forum, but chose to proceed in federal court instead.

When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion. <u>Tosco Corp v. Communities for a Better Environment</u>, 236 F.3d 495 (9th Cir. 2001). Plaintiff has proffered no factual support to warrant this Court's jurisdiction. This Court finds that Plaintiff has failed to meet its burden to sufficiently allege this Court's jurisdiction, and accordingly, Defendants' Motion to Dismiss is **GRANTED.**

Plaintiff will not be afforded leave to amend his claim, as this Court finds Barona's Tort Claims Ordinance is clear. Plaintiff's claim may only be brought in Tribal Court, and as such this Court's granting leave to amend would be futile. As Plaintiff brings a personal injury claim, it is not clear to this Court how Plaintiff could amend his claim to arise under a federal question to warrant federal subject matter jurisdiction. Further, the Ninth Circuit has held that Indian tribes and their agencies, such as casinos, are not "citizens" of any state for purposes of diversity jurisdiction. <u>American Vantage Companies, Inc. v. Table Mountain Rancheria</u>, 292 F.3d 1091, 1098 (2002). Accordingly, for diversity jurisdiction purposes, federal courts do not recognize Indian tribes as foreign

states, as Plaintiff contends in his Opposition. Rather, they are stateless entities that may not sue or be sued in federal court. See Frazier v. Brophy, 358 Fed. Appx. 212, 213 (2d Cir. 2009)(conclusion that Indian tribe is not a citizen of any state "accords with the treatment of other domestic sovereigns, such as states, which cannot sue or be sued in diversity"); see also Altheimer & Gray v. Sioux Mfg. Corp., 983 F.2d 803, 812 (7th Cir. 1993). Finally, in either his Complaint or his Opposition, Plaintiff has pointed to no reason why jurisdiction in this Court is proper.

Based on the foregoing, this Court **GRANTS** Defendant's Motion to Dismiss [7], without leave to amend. The Clerk shall close this case.

**IT IS SO ORDERED.**

DATED: May 6, 2016          s/ RONALD S.W. LEW
                            **Honorable Ronald S.W. Lew**
                            Senior U.S. District Judge